UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS A. HARDY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-962-JD-MGG |
| JOSHUA R. WALLEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Plaintiff Marcus Hardy filed a complaint while being held at the Indiana State Prison. Since he is representing himself, the Court will construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, because Mr. Hardy is a prisoner, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Hardy claims that his Constitutional rights were violated when Defendant Kathleen Chase, a clerk for visitations at the Indiana State Prison, denied visitation rights to his two two-year-old nieces, by treating him as a sex offender, which he insists he is not. Mr. Hardy wrote Ms. Chase seeking to correct the alleged error and explaining that his two minor daughters have been visiting him for years, which they couldn't have done if he was a sex offender. Having received no response from Ms.

Chase, he filed a grievance which was returned by Defendant Joshua Wallen with a note that "a sex offender may not grieve the denial of visits with minors." (ECF 1-1 at 2.)

"[T]he very object of imprisonment is confinement," and "many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In fact, "freedom of association is among the rights least compatible with incarceration." *Id*. Nonetheless, prisoners retain "a limited constitutional right to intimate association," and prison officials may violate the Constitution by "permanently or arbitrarily denying an inmate visits with family members" without balancing the prisoner's interests against legitimate penological objectives. *Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018) (citing *Overton*, 539 U.S. 126 (2003); *see also Turner v. Safley*, 482 U.S. 78 (1987)). In determining whether a prison policy is constitutional, courts must consider four factors: (1) whether a rational connection exists between the prison policy and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89–91, 107).

Mr. Hardy alleges that he is permitted visitation with his minor children but is being denied visitation with his minor nieces because Ms. Chase is treating him as a sex offender even though he is not. Taking Mr. Hardy's allegations as true, as the Court

must at this stage, it can be plausibly inferred that the limits on visitation with his nieces lack a legitimate penological interests. Accordingly, the Court will allow Mr. Hardy to proceed against Ms. Chase on this claim.

However, Mr. Hardy hasn't alleged that Mr. Wallen was involved in defining the visitation parameters. Thus, Mr. Hardy cannot proceed against Mr. Wallen. Mr. Wallen's only relevant involvement in this case was to return Mr. Hardy's grievance. He cannot be sued for that because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

In addition, Mr. Hardy cannot sue the Indiana Department of Correction because State agencies such as the IDOC are immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to the Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Finally, Mr. Hardy cannot maintain a claim for injunctive relief against the IDOC because he's no longer at the Indiana State Prison.

For these reasons, the Court:

(1) GRANTS Marcus Hardy leave to proceed against Kathleen Chase, in her individual capacity for compensatory damages on a claim that she violate his right to

intimate association when she denied him visitation with his two minor nieces based on an erroneous belief that he was a sex offender;

(2) DISMISSES all other claims;

(3) DISMISSES Defendants Joshua R. Wallen and the Indiana Department of Correction;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Kathleen Chase at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address if Ms. Chase does not waive service, if the Indiana Department of Correction has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ms. Chase to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Hardy has been granted leave to proceed in this screening order.

SO ORDERED on November 24, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT