UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS A. HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN CHASE,<br><br>　　　　Defendant. | CAUSE NO. 3:19-CV-962-MGG |

OPINION AND ORDER

Marcus A. Hardy, a prisoner without a lawyer, is proceeding in this case "against Kathleen Chase, in her individual capacity for compensatory damages on a claim that she violated his right to intimate association when she denied him visitation with his two minor nieces based on an erroneous belief that he was a sex offender[.]" ECF 15 at 3-4. Chase filed a motion for summary judgment. ECF 40. Hardy filed a response, and Chase filed a reply. ECF 46, 48. The summary judgment motion is now fully briefed and ripe for ruling.

### I.　　LEGAL STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

"[T]he very object of imprisonment is confinement," and "many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In fact, "freedom of association is among the rights least compatible with incarceration." *Id*. Nonetheless, prisoners retain "a limited constitutional right to intimate association," and prison officials may violate the Constitution by "permanently or arbitrarily denying an inmate visits with family members" without balancing the prisoner's interests against legitimate penological objectives. *Easterling v. Thurmer*, 880 F.3d 319, 322–23 (7th Cir. 2018) (citing *Overton*, 539 U.S. 126 (2003); *see also Turner v. Safley*, 482 U.S. 78 (1987)).

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* A defendant cannot be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Put otherwise,

individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

## II. FACTS

The Indiana Department of Correction ("IDOC") has a visitation process in place to govern visitation privileges and requests. ECF 40-1 at 2; ECF 40-2. When an offender is first incarcerated, the Department Intake Unit evaluates the offenders' records to determine whether the offender has ever been convicted of a sex offense involving a minor. ECF 40-1 at 3; ECF 40-2 at 29. If there is such a conviction, the offender receives a Visitor Minor Restriction ("VMR") flag, which prohibits the inmate from visiting minor children. *Id.* The VMR flag can be seen on the "Current Classification" screen in IDOC's Offender Information System ("OIS"), which contains computer records for each offender. *Id.*; ECF 40-1 at 1. If an offender believes he was erroneously flagged as VMR, he can request a Case Review where the warden reviews his file to determine if the flagging was appropriate. ECF 40-1 at 4.

At some point during Hardy's incarceration in IDOC, he erroneously received a VMR flag in the Current Classification system. ECF 40-1 at 5. Neither party provides any evidence regarding who was responsible for placing the VMR flag in Hardy's file. Hardy had not been convicted of a crime where a VMR classification was appropriate, and should instead have been flagged as a "Zachary Violent Offender" due to his murder conviction. ECF 40-3 at 1. Hardy's visitation records indicate he did not request a Case Review to dispute his VMR classification. ECF 40-1 at 5.

Chase is employed with IDOC as a Visitation Clerk at Indiana State Prison ("ISP"), where her job duties include overseeing and processing offenders' visitation requests. ECF 40-1 at 1. In processing a visitation request, Chase refers to the information in the OIS. *Id.* Chase merely reviews the OIS to see whether visitation is allowable and does not have the authority to add or remove information in the Current Classification system. *Id.* at 5. In July 2019, while Hardy was housed at ISP, his sister submitted a visitation request to have his two minor nieces added to the list of individuals who may visit him while he is incarcerated. *Id*. This visitation request was submitted to Chase, who denied the request after reviewing Hardy's file and noting his "Current Classification" contained a VMR flag. *Id.* At that time, Chase was unaware the VMR flag was erroneous. *Id.* Hardy is no longer classified as VMR. ECF 40-3 at 1. Because Hardy does not dispute these facts, the court accepts them as undisputed.

### III.    ANALYSIS

Chase argues she was not personally involved in any violation of Hardy's right to intimate association because she denied his visitation request by mistake due to an error that was outside of her control. ECF 41 at 8-10. In his response, Hardy argues that his erroneous VMR classification was not a reasonable mistake, but instead was intentionally done in retaliation for his filing of grievances. ECF 46 at 1-2. Additionally, Hardy argues he wrote informally to Chase after she denied the visitation request to let her know of the mistake and filed a grievance to have the VMR flag removed, but ISP staff refused to correct the issue and prevented him from visiting his nieces for the duration of his stay at ISP. *Id.*

4

Here, Hardy provides no evidence Chase was personally responsible for any violation of his right to intimate association. *See Wolf-Lillie*, 699 F.2d at 869; *Burks*, 555 F.3d at 596. Specifically, even assuming that a VMR flag was intentionally placed on Hardy's file in retaliation for his filing of grievances, Hardy provides no evidence connecting this activity to Chase. Chase attests that: (1) she lacks authority to add or remove a VMR flag from the Current Classification system; (2) she rejected Hardy's visitation request based solely on his VMR classification; and (3) she was unaware Hardy's VMR classification was erroneous at the time of the rejection. Because Hardy provides no evidence disputing any of these attestations, the court accepts them as undisputed. Hardy argues he wrote informally to Chase after she denied the visitation request to notify her of the mistake and she "deliberately refused to correct the issue" (ECF 46 at 2), but it is undisputed Chase lacked the authority to input or correct errors in the Current Classification system. Moreover, IDOC provides a procedure for an inmate to dispute an erroneous classification, and Hardy provides no evidence he utilized that procedure. Because the undisputed facts show Chase merely carried out her job duties and followed the requirements of IDOC's visitation process,[1] no reasonable jury could conclude Chase was directly responsible for any violation of Hardy's constitutional rights. *See Wolf-Lillie*, 699 F.2d at 869.

For these reasons, the court:

(1) GRANTS Kathleen Chase's motion for summary judgment (ECF 40); and

---

[1] Hardy specifies in his response to the summary judgment motion that he is not challenging the constitutionality of the IDOC's visitation process. ECF 46 at 1-2.

(2) DIRECTS the clerk to enter judgment in favor of Kathleen Chase and against Marcus A. Hardy and to close this case.

SO ORDERED on July 12, 2022

                                               s/Michael G. Gotsch, Sr.
                                               Michael G. Gotsch, Sr.
                                               United States Magistrate Judge